UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RAUL ALFONSO MENDOZA-MENDOZA**<br>    **BOP #14283-035** | **CIVIL ACTION NO. 11-1463-LC** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE TRIMBLE** |
| **ANTHONY HAYNES, ET AL** | **MAGISTRATE KAY** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Raul Alfonso Mendoza-Mendoza, proceeding *in forma pauperis*, filed the instant civil rights complaint[1] pursuant to 42 U.S.C. § 1983 on August 8, 2011. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institute (FCI) in Jesup, Georgia. However, he complains of events that occurred in the Western District of Louisiana, Lake Charles Division. Namely, that he received ineffective assistance of counsel. He names the following as defendants herein: FCI-Jesup Warden Anthony Haynes; Assistant United States Attorneys (AUSA) Camille A. Domingue and Daniel J. McCoy; Federal Public Defender Rebecca L. Hundsmith; and Assistant Federal Public Defender Joseph R. Streva, Jr.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED**.

---

[1] Although plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, this matter properly arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983.

## STATEMENT OF THE CASE

Plaintiff, a citizen of Mexico, who states that he is illiterate in Spanish and English, claims that his constitutional rights were violated through ineffective assistance of counsel by his court appointed attorney, defendant Streva. More specifically plaintiff states that, in accordance with Article 23 of the Vienna Convention, he had a right to contact the Mexican Consulate but that he was not advised of this right. Plaintiff also states that defendant McCoy, the AUSA assigned to the case, committed prosecutorial misconduct as he took advantage of plaintiff's ignorance of the English language in convincing him to sign a plea agreement.

As relief for the above, plaintiff seeks a declaration that the acts and omissions described in his complaint violated his constitutional rights. He also seeks to have defendants Streva and McCoy barred from the practice of law

## LAW AND ANALYSIS

### I.   *Screening*

Plaintiff has been allowed to proceed *in forma pauperis*. Federal Courts are required to screen complaints filed *in forma pauperis* and are authorized to dismiss such complaints without service of process, or at any time, when the court determines that the complaint is frivolous, fails to state a claim for which relief may be granted, or seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts

alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S at 327-28. When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

## II.   *Defendants McCoy and Streva*

In the instant case, plaintiff seeks the disbarment of Assistant United States Attorney McCoy and Assistant Federal Public Defender Streva. However, this court has no authority to grant the requested relief nor do we have jurisdiction to hear the claim.

The Louisiana Supreme Court "has exclusive original jurisdiction of disciplinary proceedings against a member of the bar." LA. CONST. art. V, § 5(B). "Under that jurisdiction and its inherent judicial power, the supreme court has exclusive authority to regulate the practice of law." *Jarrell v. Miller*, 882 So.2d 639, 649 (La. App. 2 Cir. 2004) (Caraway, J., concurring) (citing LA. CONST. art. V, § 5(B); *O'Rourke v. Cairns*, 683 So.2d 697 (La. 1996)). Only the Louisiana Supreme Court has the authority to order the disbarment of an attorney from the practice of law in the state courts of Louisiana.

Accordingly, plaintiff's claim for injunctive relief against defendants McCoy and Streva must be dismissed.[1]

---

[1] Furthermore, in regard to plaintiff's claims against defendants Streva and Hudsmith, federal public defenders are neither state actors for purposes of § 1983 nor federal officers for purposes of *Bivens*. *See Allred v. McCaughey*, 257 Fed. App'x 91, 92–93 (10th Cir. 2007); *Black v. Barnes*, No. 93–16435, 1995 WL 394363 (9th Cir. June 30, 1995); *Bradford v. Shankman*, No. 85–5150, 1985 WL 13659 (6th Cir. Aug. 12, 1985).

### III.     *Supervisory Liability--Defendants Hudsmith, Haynes, and Domingue*

Plaintiff fails to allege any actions on the part of defendants Hudsmith, Haynes, or Domingue that constitute violations of his civil rights. These defendants are named in their supervisory capacities only. Other than listing AUSA Domingue as a defendant, plaintiff does not mention Domingue in his complaint.

To successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). In a civil rights case supervisory officials are not liable for subordinates' actions on any vicarious liability theory. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A supervisor may be held liable only if he is personally involved in the constitutional deprivation, or if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

Plaintiff has named Warden Haynes and Federal Public Defender Hudsmith as defendants but has not shown personal involvement in the act causing the alleged constitutional deprivation nor has he shown that the defendants implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. Therefore, plaintiff's claims against these defendants should be dismissed. Also, because defendant has not listed any actual facts about defendant Domingue's involvement in any claim, the claims against this defendant should likewise be dismissed.

### IV.     *Notification of the Consulate*

Plaintiff claims that he was not advised of his right to have the Mexican Consulate notified of his confinement in accordance with Article 23 of the Vienna Convention. Conversely

the minutes of the Initial Appearance held in plaintiff's criminal matter indicate that he was indeed advised of his right to have his consulate notified and he declined the offer. *See USA v. Mendoza*, 2:09-cr-00024 (W.D. La.), Doc. 6.

Even in the event the record of the underlying proceeding did not call into question the validity of this claim, this type of claim does not entitle the plaintiff to relief. The Fifth Circuit has held that Article 36 of the Vienna Convention does not create "individually-enforceable rights." Furthermore, the Vienna Convention does not provide any type of remedy. *Rocha v. Thaler*, 619 F.3d 387, 407-08 (5th Cir. 2010).

### V.     *Heck Conditions*

In *Heck v. Humphrey*, 512 U.S. 477, 486-87, the United States Supreme Court held that a civil action for alleged civil rights violation that attacks the validity of confinement when the plaintiff's conviction has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of *habeas corpus* is not cognizable under Section 1983. Although the Supreme Court's decision in *Heck* concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied *Heck* in cases in which the plaintiff seeks injunctive relief. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)); *Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002). The *Heck* rule applies with equal force to *Bivens* claims. *See Cardona v. U.S.*, 191 Fed. App'x. 327 (5th Cir. 2006) (dismissing *Bivens* claims against federal prosecutors pursuant to *Heck*).

In the present case a decision granting plaintiff injunctive or declaratory relief on his allegations of ineffectiveness of counsel and prosecutorial misconduct would necessarily imply that his conviction was invalid. *See Shaw v. Harris*, 116 Fed. App'x. 499 (5th Cir. 2004).

Plaintiff's sentence has not been set aside in any of the ways described in *Heck*. Thus, any claims for relief that he asserts attacking his conviction and continued confinement are premature and must be dismissed. The dismissal of plaintiff's Section 1983 claims should be with prejudice to their being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## VI. *Habeas Claims*

Plaintiff's theories of relief are essentially attacks upon the legality of his conviction. Plaintiff has attempted, without success, to make such attacks pursuant to 28 U.S.C. § 2255. *See USA v. Mendoza*, 2:09-cr-00024 (W.D. La.), Docs. 38, 43 & 44.[2]

The court will not re-characterize plaintiff's complaint as a *habeas* petition; however, plaintiff should be aware that before he will be permitted to file a second or successive § 2255 motion, he will be required to seek and obtain the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

## CONCLUSION

Accordingly;

IT IS RECOMMENDED that plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915A(b)(1).

---

[2] Through these rulings the district court addressed and denied similar arguments.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 26th day of January, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE